**In the Matter of William W. EARLS, Respondent.**

**No. 84S00–0805–DI–273.**

Supreme Court of Indiana.

Oct. 10, 2008.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** *Count 1.* In August 2007. while serving as Deputy Prosecuting Attorney for Vigo County, Respondent consumed six beers during jury deliberations in a murder case, including two after being informed to return to the courthouse for the verdict.

*Count II.* Based on an incident on October 22, 2007, Respondent entered guilty pleas to OWI and failure to stop after an accident.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty. trust worthiness, or fitness as a lawyer in other respects.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties agree Respondent violated the Rules of Professional Conduct as charged and propose the following discipline:

(1) Respondent will receive a 180–day suspension, all of which will be conditionally stayed subject to successful completion of a 24–month probation commencing on completion of his criminal probation on or about November 13, 2008.

(2) Respondent will execute a monitoring agreement with the Judges and Lawyers Assistance Program ("JLAP").

(3) Respondent shall have no violations of his JLAP agreement, criminal arrests, or violations of the Rules of Professional Conduct during his probation.

(4) If Respondent violates his probation, the Commission will petition to revoke his probation and request that the balance of the stayed suspension be actively served without automatic reinstatement, and that Respondent be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18),

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days from the date of this order, all of which is stayed subject to completion of at least 24 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement Respondent's probation shall remain in effect until such time as it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur, except SHEPARD, C.J., and DICKSON, J., who believe the discipline is insufficient in light of Respondent's misconduct.